Howard T. Sutter, Kenneth W. Whittaker, P.A., North Miami, Fla., for creditor Whittaker.

Reggie David Sanger, P.A., Fort Lauderdale, Fla., for debtor.

### In re Barbara Lee ADLER, a/k/a Barbara Lee Adler Orvieto, Debtor.

### Bankruptcy No. 84–01601–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Feb. 12, 1985.

### ORDER DENYING STAY RELIEF

THOMAS C. BRITTON, Bankruptcy Judge:

The motion (C.P. No. 16) of C. Whittaker, a judgment creditor, for stay relief was heard on February 7. The motion is denied.

Before bankruptcy, movant obtained a Florida judgment against the debtor arising out of an automobile accident. The judgment, in the amount of $2,276, has never been satisfied. A Florida statute, § 324.111 permits any judgment creditor to request that the judgment be forwarded to the Department of Highway Safety and Motor Vehicles, which will suspend the license and registration of the judgment debtor. Movant is here requesting stay relief under 11 U.S.C. § 362(d) in order to trigger that procedure by making his written request under the Florida statute.

It is not suggested that there is any ground to except this obligation from discharge in the pending bankruptcy proceeding. It is clear that the action movant wishes to take is subject to the automatic stay. (§ 362(a)(2)). It is equally clear that enforcement of the Florida statute against a debtor who has obtained discharge of the judgment debt is prohibited by § 525. This statutory provision codifies the holding of

*Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) which held a similar Arizona statute invalid under the supremacy clause, where it had the effect of frustrating the bankruptcy discharge of a debt arising out of the ownership or operation of an automobile. *See also Henry v. Heyison,* 4 B.R. 437 (E.D.Pa.1980). It would be totally inappropriate, of course, to lift the stay in order to permit movant to initiate a procedure which directly contravenes § 525. For this reason, the motion is denied.